# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRENCHIE LARON JACKSON,<br><br>        Petitioner,<br>    vs.<br><br>DERRICK OLLISON, Warden, et al.,<br><br>        Respondent. | CASE NO. 06cv1123-IEG(AJB)<br><br>ORDER (1) ADOPTING REPORT AND RECOMMENDATION,<br>(2) GRANTING RESPONDENT'S MOTION TO DISMISS PETITION, and (3) DENYING CERTIFICATE OF APPEALABILITY |

Petitioner Frenchie Laron Jackson, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his September 8, 2000 conviction following a guilty plea in San Diego County Superior Court Case No. SCD 151993. Respondent moved to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244(d).

On November 29, 2006, Magistrate Judge Anthony Battaglia issued a Report and Recommendation ("R&R"), recommending the Respondent's motion to dismiss be granted. Petitioner has not filed an objection.

Upon review, the Court finds Magistrate Judge Battaglia's R&R to be well-reasoned and persuasive. The time period between the San Diego County Superior Court's denial of Petitioner's third habeas corpus petition, on January 3, 2003, and the filing of Petitioner's fourth habeas corpus petition with that court on April 4, 2004, was unreasonable, such that the statute of limitations was

1 not tolled. <u>Evans v. Chavis</u>, ___ U.S. ___, 126 S. Ct. 846, 854 (2006).[1] Petitioner's habeas corpus petition was filed far beyond the one-year statute of limitations of 28 U.S.C. § 2244(d).

Therefore, the Court ADOPTS IN FULL Magistrate Judge Battaglia's Report and Recommendation. Respondent's motion to dismiss the petition [Doc. No. 11] is GRANTED, terminating this case. Furthermore, the Court DENIES Petitioner a certificate of appealability because Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED: January 23, 2007

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[1] Giving Petitioner the benefit of the doubt, Magistrate Judge Battaglia found the statute of limitations remained tolled for all of the time during which Petitioner pursued his second and third state habeas petitions before the San Diego County Superior Court. As set forth in <u>Carey v. Saffold</u>, 536 U.S. 214, 223 (2002), however, the statute of limitations under 28 U.S.C. § 2244(d)(1) remains tolled only during the intervals between a lower court decision and the filing of a new petition in a higher court, and not during the time between multiple filings in the same court. <u>Briggs v. Duncan</u>, 339 F.3d 1045, 1048 (9th Cir. 2003). Therefore, Petitioner cannot argue Magistrate Judge Battaglia's statute of limitations calculations gave him too short a time period within which to file his federal habeas corpus petition.

In addition, Petitioner's first federal habeas corpus petition, 04cv1336-BTM(RBB), filed after the San Diego County Superior Court's denial of Petitioner's fourth state habeas petition, contained no exhausted claims. Therefore, the Court properly dismissed the petition. <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) (district court lacks discretion to stay petition containing only unexhausted claims); <u>Jiminez v. Rice</u>, 276 F.3d 478, 481 (9th Cir. 2001) (district court must dismiss petition containing only unexhausted claims). The statute of limitations was not tolled during the time the first federal petition was pending, from July 1, 2004 until January 26, 2005. <u>Duncan v. Walker</u>, 533 U.S. 167 (2001). Because the first petition was dismissed for failure to exhaust, this current petition may not relate back to the earlier filing date. <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1155 (9th Cir. 2006). Therefore, there is no doubt the current habeas petition is untimely.